Good morning and welcome to the Ninth Circuit. My name is Michelle Friedland. I have my chambers here in San Jose and I'm very happy to welcome everyone to San Jose. Judge Schroeder and Judge Graber are in town from Portland and Phoenix and it's great to see you all today. And we're glad to be here. We have a lot of cases that are submitted on the briefs today. Dye v. Garland is 15-72067. That case is submitted. We have Guyana Maya v. Garland 18-71343 and 19-70098 also submitted. Bank of New York Mellon v. Williston Investment Group 19-16201 is submitted. Ocwin Loan Servicing v. SFR Investment Pool 19-16889 is submitted. Bank of America v. SFR Investment Pool 19-16922 is submitted. And another one, more. U.S. Bank v. BDJ Investments 21-16669 is submitted. And Santana Aviles v. Garland 20-70998 is submitted. We'll hear the briefs as they appear on the calendar. The first is Deutsche Bank v. Satakoi Bay. That's 20-15432. And each side will have 10 minutes. I think we have you on video. Is that right? Can you hear us? Yes, we can. You may proceed whenever you're ready. Thank you, Your Honor. Michael Bone appearing on behalf of Satakoi Bay. First, I'd like to reserve three minutes, if I may, for rebuttal. Thank you. There's a number of issues in this matter. And if I may inquire of the Court, are there anything in particular that you had issues with? Because there's quite a bit here. I don't really know this part. I had a factual question. One of the arguments that Deutsche Bank makes is that the former homeowner has paid off the super-priority portion of the HOA lien before the foreclosure sale took place. And the district court didn't reach that, but we are allowed to affirm on any alternative ground that's supported by the record. And is that factually correct? Did the homeowner pay off that portion of the lien before the foreclosure sale took place? When I review my notes, Your Honor, when I was reviewing that just a short while ago, and my review of the record only shows that there were two checks that were made. The homeowner only paid two checks, and those two checks did not pay the entire amount. If you look at page 5 of your reply brief, I think it looks like you are admitting to $630, I think actually in three checks. I'm sorry, what page was that? Page 5 of your reply brief. Apologies here. You're saying there were three checks that were double-counted, but if you didn't double-count them, there are still three, and it still adds up to $630? That is correct. The amount of the lien was $550. Your record shows that the monthly assessments were $105, and the HOA lien consists of nine months of assessments, so that would not have been enough to pay nine months. And he did testify to $630. So it would not have been enough to pay off nine months of assessments. But nine months of assessments, so it doesn't seem like nine months of assessments is right, though, because we have to take into account what was paid. Well, the super-priority lien is nine months, and the records show that the assessments were $105 a month. So that puts it at $945, and the $630 would not be sufficient to pay that. I do admit to — So you argued $945, which we know that the homeowner paid at least something, so there wasn't $945 left, right? Do you have any support for the idea that $945 is the right number? Well, simply, if you look at the record, it shows the monthly assessment is $105 a month. Right, but we know at least that the homeowner paid something, and it seems like Deutsche Bank argues that the super-priority portion of the lien was $410, and I don't know that you ever really offered a calculation that showed that that $410 number was wrong for the super-priority portion. Can you point to somewhere where you did? I do not believe I did put that in any of the briefs, Your Honor. So if $410 was the super-priority portion, then why doesn't the $630 on your reply brief on page 5 show that $410 was paid off by the $630? That would be correct math, Your Honor. Yes. And so is there any reason we shouldn't affirm on that basis? Because the statute is clear that a super-priority lien is nine months. The records show the monthly assessment was $105, so the super-priority amount would have been $945. The district court did not make any finding of the sort as to what the super-priority amount was, and while we do know that the order does not mention the payments, the order from the district court goes strictly to the fact that Deutsche Bank was not mailed the notice of sale, and the court immediately jumps to the conclusion that it is a void sale as a result of the lack of the notice and that the bona fide purchaser doctrine does not apply if it is a void sale. Even if you're correct that the district court made a mistake about that, we could affirm on any ground that is supported by the record, and I'm just struggling. I understand that the dollar amounts are a little bit complicated, but it seems like the dollar amounts lead to the super-priority amount was paid off, and so that would be a ground for affirmance. And so I'm not sure there's any reason to send it back to the district court, even if you're correct that the district court's reasoning was wrong. Again, I have to rely on when you look at the record, the records provided by the collection company for the HOA, it clearly shows that the monthly assessments were $105 a month. The statute clearly provides that it's nine months of – That would be my position on that. In regards to what the district court order states, the Nevada Supreme Court says that failure to give notice does not automatically render it void. They have to prove that they did not get notice from another portion or from other sources and that they were prejudiced thereby. There is no affidavit in support of the motion for summary judgment. The burden is on the bank to prove every element of their case. There are presumptions that the sale is valid, and they did not submit an affidavit to show they did not get from any other source or that they were prejudiced. And because of that, I respectfully submit that the court should reverse the decision of the district court. It was granted on summary judgment, and it should be remanded for further proceedings. With that, my seven minutes are up. Unless you have some additional questions, I would pause and allow other counsel to move forward. That's fine. You can have the remaining time in rebuttal. Thank you. Thank you. Let's hear from the other side. Good morning, Your Honors. May it please the court, my name is Christina Miller, and I represent the appellee, Deutsche Bank National Trust Company. I'm going to address the court's question regarding tender first. This court absolutely can affirm summary judgment in favor of Deutsche Bank based off of the borrower's pre-foreclosure payments, which were sufficient in amount and application to satisfy the super priority portion of the HOA's lien. You heard from Mr. Bone that the super priority must be nine months of assessments at $105 per month. However, that cannot possibly be the amount because that would cause the super priority portion of the HOA's lien to be almost double the actual amount of the lien in total that was due at the time the notice of delinquent assessment was recorded in October of 2010. The record before this court shows that the HOA's ledger reflected $410 was due in owing as of the date that the notice of delinquent assessment was recorded. That is also confirmed by the testimony of the HOA's foreclosure trustee, 30B6 witness, Mr. Randolph. There was no evidence or argument presented to the district court by Satakoi Bay challenging the $410 super priority lien calculation. Therefore, any argument raised by Satakoi Bay challenging that amount and arguing that it is something other than $410 is waived on appeal. When we consider the $410 super priority lien, even if Deutsche Bank concedes that only three checks for the total amount of $515 were sent from the HOA trustee to the HOA to apply to the balance of the lien, even if those are accepted, that total is more than the $410 super priority portion of the lien. Specifically, Your Honors, I'm looking at the three payments made on November 29, 2010, February 1, 2011, and April 29, 2011. The record shows that checks were paid directly from the HOA trustee to the HOA for the amount of $200, $105, and $210, respectively. And those can be found in the record at Volume 3, Pages 529, 537, and 539, respectively. Those are the ones. So he talks about that on Page 5 of the reply, arguing that it's double counted with three other numbers that add to 630. But I guess, do you think it was 630, or are you just taking the lower number because you win even if it's the lower number? Your Honors, in review of the record in preparation for today, it does appear that there may have been some accidental double calculations, taking the check paid to the HOA trustee and then the check paid from the HOA trustee to the HOA. But if we only look at the three payments from the HOA trustee to the HOA, which were partial payments from the total received from the borrower, those total $515. And each of those checks written on the check, it expressly states, here's the starting balance of the HOA's lien minus the amount that is being paid to the HOA, and here's the remaining balance. We have testimony from the HOA trustee, who is acting as an agent for the HOA in completing the foreclosure process. That testimony says that all amounts received would be applied to the oldest assessments first, and those would necessarily equal the super priority amount that was due prior to the recording of the notice of default, excuse me, the notice of delinquent assessment lien in October of 2010. We also have collection policies from the HOA, which we recognize the 2011 policy is unsigned. But when you look at the later two policies in 2013, and I believe the other one went into effect in early 2015, they continue to say exactly the same thing, that any payments received would be applied to the oldest assessments first. So then when we look at what the Nevada Supreme Court has said about homeowner tenders, or borrower payments prior to foreclosure, in the Cranesville decision, the Nevada Supreme Court expressly said that there's a three-step process to consider borrower payments. The first being that the borrower has allocated where the payment would go. We don't have any evidence in the record to show that the borrower made a specific allocation in this case. So we go to step number two, and that's that the creditor has identified how the payment should be applied. Here, there is more than sufficient evidence in the record to show that it was the intent of the HOA to apply those payments to the oldest assessments first to pay down the balance of the lien. That would necessarily satisfy the super priority portion of the lien, and any foreclosure sale that subsequently proceeded was on the sub-priority portion only, and the deed of trust was not affected by the sale. But even if this court looks then at the third step under Cranesville, the Nevada Supreme Court left it to the court to determine, based off of justice and equity, how those payments should be applied. And Deutsche Bank submits to this court that fairness and equity require that the court apply those payments to the super priority portion because the borrower had contractual obligations to Deutsche Bank under the deed of trust, specifically paragraph four of the deed of trust, and that's in the record at volume three, page 409, where the borrower agreed to ensure that it would pay all amounts due on homeowners association assessments if those assessments could take priority and affect the deed of trust lien. So taking steps two and three into account, the record has sufficient evidence to show the super priority was paid, and Saticoy Bay has not presented any competing evidence or case law to the contrary. And Your Honor, I'd also like to point out that the seminal SFR decision from 2014 that sort of spurred all of these quiet title HOA foreclosure cases, the Nevada Supreme Court expressly said, and I quote from that opinion, NRS 116.3116 gives a homeowners association a super priority lien on an individual homeowners property for up to nine months of unpaid HOA dues. That's at page 334, Pacific 3rd, at 409. So the Nevada Supreme Court expressly contemplated that a super priority is not always only nine months of assessments. It can be a varying amount, but at most it can be for nine months of assessments. Here we have an HOA super priority lien amount of $410 that was not disputed before the district court. And when we look at the undisputed payments from the borrower to the HOA trustee, which the HOA trustee then forwarded to the HOA, we can see that the amount of $515 was paid and applied to the balance of the lien, and it satisfied the super priority portion of the HOA's lien. Turning to the notice prejudice argument, the prejudice issue was not developed fully before the district court, simply because discovery closed and the motion for summary judgment was filed prior to the resources group opinion. At the time, prior to July of 2019, it was the understanding of both the Nevada Supreme Court and the courts and parties involved in this case that all Deutsche Bank had to present was evidence that it did not receive the notice of sale. I don't think you even did that, though. Is there any declaration in the record saying you didn't receive notice? No, there isn't, Your Honor, but it's undisputed that the notice of sale was never mailed to Deutsche Bank, and the record clearly reflects in those mailing receipts attached to Sadecoy Bay's own motion for summary judgment that the notice of sale was not sent to a predecessor of Deutsche Bank nor any other party in privy to it. So, I mean, that would suggest you probably didn't get it, but maybe they heard about it some other way. I mean, I don't really understand why, if it was already the law that you had to show you didn't have notice, that someone didn't just declare we never received notice. Your Honor, I think we rested on the fact that everybody understood and it was undisputed that there was no notice mailed, and there was no discovery conducted by Sadecoy Bay to show that Deutsche Bank received it from some other source. And the records that were produced to the court clearly showed that Deutsche Bank had no idea there was even a sale because they never appeared at the sale, they never attempted to bid, and they never attempted to tender any amount in satisfaction of the super priority to protect the deed of trust. And, Your Honors, I see I'm out of time. I'll rest on that, unless you have any questions. No, thank you. Thank you, counsel. Thank you. So we have about three minutes for rebuttal, and I'd be curious to hear whether you can offer any explanation for why your opposing counsel's calculations are incorrect. I think we both, well, the testimony, I'm doing a little review. The testimony of the representative, the foreclosure agent, does say they received $630 in payments. What is absent from the record from the district court is any finding as to what the super priority lien amount was. If you look at the notice. I mean, the notice said $410, so what's wrong with, and you never contested the $410, did you? Well, the notice of lien says $555. The notice of default, which is what starts the foreclosure process, says $765. And both notice, and the notice of lien does state each month it increases by $105 per month. And the statute does provide that it is nine months of assessments that makes the super priority lien amount. And, again, there is nothing in the record to show the court never made a determination as to what the super priority lien amount. And if you just, it's simple math. You take what the records show in the notice of default and the accounting records provided by the HOA shows the assessments up to, and that year was $105 per month. The following year, in 2011, it went to $120 a month. So the $630 received would not be enough to cover the amounts in the notice of default, which shows $765.82. And it would not be enough to cover a full nine months of assessments at even $105 per month. So as far, and that's, as far as the homeowner's payments are concerned, Your Honor, there's not sufficient evidence to show what the, there is no finding to show what the super priority lien amount was. And because of that, and the statute shows that it is nine months, so the payments were not sufficient for that. I only have 40 seconds left. There's not a whole lot I can say, but I can answer a question if you have any. Thank you both sides for the helpful arguments. This case is submitted.
judges: SCHROEDER, GRABER, FRIEDLAND